## Sutton *versus* Shearer.

1. A sale of a horse, accompanied by an actual delivery and change of possession during several weeks, will not be presumed fraudulent as to creditors, though after that time the property is frequently in the possession of the vendor; nor will the admissions of the vendor, after such period, be admissible as evidence against the vendee.

ERROR to the Court of Common Pleas of *Indiana county.*

This was an action of trespass, brought by John Shearer against Gawin Sutton, sheriff of Indiana county, for levying upon and selling a horse on an execution against Matthew Shearer. The evidence showed that Matthew owned the horse originally, and that in January, 1849, John Shearer asked Matthew for money, when Matthew proposed to sell him the horse for $75 or $80. John took the horse, and at the request of Matthew, loaned him the horse to visit his sister, and told him to leave him at Bills', which he did soon afterward. Bills kept the horse at John Shearer's expense. There was some evidence given by the defendant, that the horse was frequently afterwards seen in Matthew's possession. The defendant's counsel offered to prove the declarations of Matthew while he had the horse, after the alleged sale to John. The rejection of the offer was assigned for error, as was also the instruction of the President Judge, BURRELL, to the jury: "If the horse was delivered at the time of the sale, or the next day after, and continued in John's possession till the 12th of February, we think the time sufficiently long to avoid the application of the doctrine of legal fraud."

*Steward* and *Banks,* for plaintiff in error.

*White, Coffee,* and *Drum,* for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—This is an action against the sheriff for trespass, in levying upon one man's horse for another's debt, and the plaintiff below succeeded. The first complaint here is against a part of the charge, to wit: "If the horse was sold, and delivered

on John's place in the fore part of January;—then he is next seen in Matthew's possession on the 12th of February. If the horse was delivered at the time of the sale, or the next day after, and continued in John's possession till the 12th of February, we think the time sufficiently long to avoid the application of the doctrine of legal fraud." Now, certainly, the parties had a right to argue, from the evidence, that the above state of facts existed, and the jury had a right to find that it did; and how the court could declare that there was fraud in the very countenance of such a delivery, we do not perceive. If they could, then the sale and delivery of a horse by one brother to another, is fraudulent, if the vendor be seen on his back three or four times within the next six months.

If we notice that the plaintiff relied on the sale and delivery, as made early in January, and that the jury have declared this proved, we shall see plainly enough that the declarations of the vendor, made in May or June following, when he was riding the horse, must be of very doubtful application; and we cannot see in what connection or for what purpose they were offered, and cannot therefore say that there was error in rejecting them.

Judgment affirmed.